COLIN M. RUBICH
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Ave. N., Ste. 3200
Billings, MT 59101
Phone: (406) 247-4684
Fax: (406) 657-6989
E-mail: Colin.Rubich@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA



FILED
JUL 20 2023
Clerk, U S District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> KILEEN MORIA HAGADONE, <br><br> Defendant. | CR 23-85-BLG-SPW <br><br> INDICTMENT <br><br> WIRE FRAUD (Counts 1-6) <br> Title 18 U.S.C. § 1343 <br> (Penalty: 20 years imprisonment, $250,000 fine, and three years supervised release) <br><br> AGGRAVATED IDENTITY THEFT (Counts 7-9) <br> Title 18 U.S.C. §§ 1028A(a)(1) and 2 <br> (Penalty: Mandatory minimum two years of imprisonment, consecutive to any other punishment, $250,000 fine, and one year of supervised release) |

THE GRAND JURY CHARGES:

1

## COUNTS 1-6
## WIRE FRAUD

### THE SCHEME TO DEFRAUD

That beginning in or about 2020, and continuing thereafter until on or about April 5, 2023, at Forsyth and within Rosebud County, in the State and District of Montana, and elsewhere, the defendant, KILEEN MORIA HAGADONE, devised and executed a material scheme and artifice to obtain money by means of material false and fraudulent pretenses, representations, and promises. Specifically, the defendant, KILEEN MORIA HAGADONE, owned and operated an insurance brokerage business called Rosebud County Insurance Inc. (RCII). In her capacity as owner and operator, HAGADONE was required to act as an intermediary between her customers and national insurance companies. HAGADONE was required to help negotiate insurance contracts for her customers and then receive and transmit payments as a fiduciary from the customers to these insurance companies for the negotiated policies. HAGADONE and RCII had a trust account with First State Bank of Forsyth specifically designed to receive these payments.

As a part of the scheme, HAGADONE received these payments from customers, but failed to transmit the funds to the insurance companies as she was obligated to. Instead, HAGADONE misappropriated the funds and spent the funds on personal expenses.

2

## MANNER AND MEANS OF THE SCHEME

In some instances, HAGADONE fraudulently withdrew the money for her own use from the RCII trust account. At other times, HAGADONE would improperly deposit customer payments into the RCII business account so she could use the money.

To conceal this theft, HAGADONE engaged in a series of deceptions against her customers. Many of her customers paid the entire cost of the insurance premium when the policies began. Instead of transmitting these full payments to the insurance companies, HAGADONE would arrange to pay the premiums in installments so that she did not have to give the entire payments over to the insurance companies immediately. In this way, HAGADONE could misappropriate most of the payments without immediately causing the insurance policies to be cancelled. When it was not possible to pay in installments directly with the insurance company, HAGADONE impersonated her customers so that she could fraudulently contract with a third-party insurance financing company so she could still pay the premiums in installments. To create these financing contracts, HAGADONE stole the identities of several of her customers by forging their signatures on the third-party financing contract. Because HAGADONE was embezzling much of the customer payments she received, she was often unable to

3

pay the installment payments she had fraudulently created. As a result, RCII customers who properly paid for insurance often had their policies canceled.

One of her largest customers, Chief Dull Knife College of Lame Deer, MT (CDKC), is a significant example of this scheme. In November of 2021, CDKC paid RCII $91,883.19. This amount was the full cost of the insurance premium for a year. Instead of transmitting the payment to the insurance company, HAGADONE fraudulently contracted to finance the CDKC insurance premium with a premium financing company. HAGADONE forged the signature of the CDKC representative on this financing contract. After that, HAGADONE had embezzled too much money from the trust account and could not pay the financing payments she fraudulently created. As a result, by April of 2022, the CDKC's insurance had been terminated. HAGADONE concealed this from the representatives of CDKC and falsely represented that CDKC was insured when it was not. In November of 2022, HAGADONE falsely told CDKC that the insurance policy needed to be renewed even though it no longer existed and had been cancelled. HAGADONE then created a fictious insurance contract for a policy that did not exist and induced CDKC to pay $98,893.29 for the fictious policy. She embezzled the entire payment, and, as a consequence, CDKC was uninsured from April of 2022 until April of 2023. Many of HAGADONE's other clients were similarly cheated. Many also had their insurance policies canceled

4

without their knowledge and had to repay the insurance companies for policies they had already paid for.

## INTERSTATE WIRES

On or about the dates in the table below, at Forsyth and within Rosebud County, in the State and District of Montana, and elsewhere, the defendant, KILEEN MORIA HAGADONE, for the purpose of executing the scheme described above, did knowingly cause to be transmitted in interstate commerce wire communications, as outlined in the table below, in violation of 18 U.S.C. § 1343.

| Count | Date(s) | Interstate Wires |
|---|---|---|
| 1 | 11/20/2021 to 11/30/2021 | Email communications from the RCII email account to Big Sky Underwriters and Imperial PFS providing a fraudulent premium finance agreement for CDKC |
| 2 | 5/16/2022 | Email communications from the RCII email account to Farmer's Alliance Companies fraudulently directing billing for John Doe 1's insurance policy be mailed to RCII's address |
| 3 | 2/6/2023 | Check payment from Jane Doe 1 to RCII for an insurance payment that was not forwarded to an insurance company which resulted in an interstate wire communication when the check was negotiated via the Federal Reserve |

| 4 | 3/3/2023 | Email communications from the RCII email account to Farmer's Alliance Companies inquiring how much it would cost to reinstate John Doe 2's insurance policies after fraudulent installment payments were not paid |
| 5 | 3/20/2023 | Interstate electronic transmission caused by a credit card payment of $2,634.40 from Jane Doe 2 to RCII for an insurance payment that was not forwarded to an insurance company |
| 6 | 3/21/2023 | Check payment in the amount of $4,290.41 from John Doe 3 to RCII for an insurance payment that was not forwarded to insurance company which resulted in an interstate wire communication when the check was negotiated via the Federal Reserve |

COUNT 7

On or about November 24, 2021, at Forsyth, within Rosebud County, in the State and District of Montana, the defendant, KILEEN MORIA HAGADONE, did knowingly use, without lawful authority, a means of identification of another person, during and in relation to a felony violation of 18 U.S.C. § 1343, wire fraud, as charged in Count 1 above, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

COUNT 8

On or about November 12, 2020, at Forsyth, within Rosebud County, in the State and District of Montana, the defendant, KILEEN MORIA HAGADONE, did

knowingly use, without lawful authority, a means of identification of another person, during and in relation to a felony violation of 18 U.S.C. § 1343, wire fraud, as charged in Count 2 above, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

COUNT 9

On or about March 23, 2023, at Forsyth, within Rosebud County, in the State and District of Montana, the defendant, KILEEN MORIA HAGADONE, did knowingly use, without lawful authority, a means of identification of another person, during and in relation to a felony violation of 18 U.S.C. § 1343, wire fraud, as charged in Count 6 above, in violation of 18 U.S.C. §§ 1028A(a)(1) and 2.

A TRUE BILL.

Foreperson signature redacted. Original document filed under seal.

_____
FOREPERSON

(E\_)
JESSE A. LASLOVICH
United States Attorney

CYNDEE L. PETERSON
Criminal Chief Assistant U.S. Attorney